In a petition for rehearing counsel suggest that the opinion be clarified with respect to the apportionment of joint mortgages. The opinion indicates that in the absence of additional evidence one half of the amount of any joint mortgages discharged and the similar proportion of the interest thereon should be disallowed in the account of the administrator. This is based on the circumstance that the joint mortgage shown to have been discharged covered what is apparently an equal amount of the property belonging to each of the mortgagors, that they signed it jointly and were apparently equally interested in the proceeds. If the properties mortgaged differ greatly in value or if there be other circumstances indicative of a different division of the indebtedness, these can be brought out by additional evidence, for which the case is held open in the original opinion. But, *Page 559 
if additional evidence be not introduced, the judgment must be modified in accordance with the direction.
It is further pointed out that the deposition of Helmer Hanson does not show that he owned a one-third interest in the hotel personalty. It is true his testimony seems to relate more directly to the realty, but there is additional evidence, contained in the testimony of the county judge, wherein the hotel property is spoken of in such a way as to lead one to infer that this property — that is, both realty and personalty — was owned in common. However, to obviate any doubt on this score the modification will be, also, without prejudice to the right of the parties to introduce additional evidence on this matter. We do not feel warranted in modifying the judgment of the county court and the district court concerning this item on the present record.
The petition for rehearing is denied.
BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.